### BOGART et al. v. SOUTHERN PAC. CO.

(Circuit Court of Appeals, Second Circuit. June 12, 1923.)

No. 247.

1. **Appeal and error ⬅1097(5)—Relief permitted under Supreme Court mandate may be granted, though order denying not appealed from.**

   Where suit to have defendant declared a trustee for plaintiffs with respect to certain stock was remanded by Supreme Court for further proceedings in conformity with its opinion, which contemplated that payment to be made by plaintiff for the stock might be made otherwise than in cash, it is the duty of the Circuit Court of Appeals, on appeal from decree entered after remand, to entertain plaintiff's contention that provision for payment otherwise than in cash should be made, though order of District Court denying application for such relief was not appealed from.

2. **Appeal and error ⬅1097(5)—Supreme Court's mandate binding on Circuit Court of Appeals.**

   On appeal to Circuit Court of Appeals from decree entered in District Court after remand from Supreme Court, the Circuit Court of Appeals is as much bound by the Supreme Court's mandate as the District Court.

3. **Railroads ⬅30—Payment by minority stockholders to majority stockholder for stock received on reorganization cannot be made by creating charge on corporate property.**

   In suit to have it decreed that defendant is trustee for plaintiff with respect to stock received by defendant on reorganization of railroad company, in which defendant was majority stockholder and plaintiffs minority stockholders, where plaintiffs are required to make payment to defendant to reimburse it, the court cannot order such payment made by creating lien in defendant's favor on the corporate property superior to the stock, especially where the railroad company is not a party, and such charge would require approval by state and federal commissions, over which court has no jurisdiction.

Appeal from the District Court of the United States for the Eastern District of New York.

On motion to amend or add to mandate. Decree modified.

For former opinion, see 290 Fed. 727. Certiorari denied 263 U. S. ——, 44 Sup. Ct. 36, 68 L. Ed. ——.

Plaintiffs, having considered our recent opinion herein, observed (as is said in argument) that the total amount now required to be paid in cash in respect of each share of stock to be obtained from defendant is approximately $52. Thereupon they move that the District Court be directed to determine whether the "additional compensation" (i. e., the difference between said $52 and the $26.026 of the decree of 1916) should be paid in cash, as said $26.026 was ordered paid, or "whether it can and should be made by requiring the minority stockholders to consent to the creation in favor of the Southern Pacific Company of some charge against or interest in the New Company which

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

would have priority over the 100,000 shares of stock outstanding, as, for instance, an income bond or preferred stock, or whether the compensation should be made in some other manner."

H. Snowden Marshall, of New York City, for the motion.
Gordon M. Buck, of New York City, opposed.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The motion is made in language taken from the prevailing opinion in the Supreme Court (250 U. S. 497, 39 Sup. Ct. 533, 63 L. Ed. 1099). The practical or "business" reason for the application is this: Plaintiffs were willing to pay $26.026 cash for each share of new or *Railroad* stock, wherefore they never complained, in this court, at all events, concerning the method of making payment.

When the Supreme Court decision foreshadowed some increment to this $26.026, plaintiffs moved in the District Court substantially as they now move. Their application was denied as unnecessary at the time it was made, and when the District Court fixed the increment at no more than 53.7 cents, they did not press their application, nor appeal from its refusal. Their rights in respect of the 53.7 cents were just what they are now in respect of the larger increments; but it was not worth while to press the point. Now it is worth while.

[1, 2] It is urged that plaintiffs' failure to appeal from the order below denying the relief now sought is a bar to the present motion. To this we cannot agree. As we have pointed out, the duty of this court, as of the District Court, is to conform to the mandate of the Supreme Court; and we must do it in spirit. We are told to take further proceedings in conformity with the opinion above. It is not necessary to invoke every part of that opinion at all times; but any part may be invoked at any time, in order to carry out the directions given.

We are as much bound by the mandate as was the District Court, and now that the question of "additional compensation," so called, becomes practically important, we think we are obliged to consider and act upon the portion of the ruling opinion now appealed to.

The application has two parts or suggestions: (1) To create a lien or charge in favor of the defendant, superior to the stock of the Railroad Company, and equivalent to the "additional compensation" aforesaid. (2) To devise some other way to relieve the plaintiffs from cash payment.

[3] There are insuperable objections to the creation of any lien or charge superior to the stock. Such charge must be superior to *all* the stock; no method has been or can be suggested by which only so much of the corporate property shall be charged, as is represented by the shares coming to plaintiffs. Why the stock of all shareholders in *Railroad* Company should be deferred to what is practically a debt due by plaintiffs to defendant, it is impossible to see. Further, it is impossible to charge the property of *Railroad* Company by decree in a cause to which that company is not a party, and finally no such charge could be created without the approving action of commissions, both

state and federal, over which we have no jurisdiction. For these reasons the first branch of plaintiffs' motion is denied.

Under the alternative motion, it is asserted that defendant as practically sole shareholder in Railroad Company, has exercised the control inherent in such ownership to prevent declaration of dividends, although moneys properly applicable to dividends have been earned. No dividends have been declared by *Railroad* Company during the pendency of this suit; the latest distribution having taken place in June, 1913.

It is further asserted that the gains from the profitable operations of *Railroad* Company have been so disposed of, or invested or otherwise cared for by defendant, or by its authority, that it can be shown and shown by plaintiffs, that in effect defendant has in possession or under control money or other values, belonging to *Railroad* Company, and properly available at time of earning for dividends, sufficient (if treated as dividends) to pay the "additional compensation" now required from plaintiffs; i. e., the difference between $26.026 and the sum presently decreed. All this is denied by defendant, and the record is for obvious reasons barren of evidence on the point.

It is admitted that allegations of a similar nature, and by these plaintiffs, have produced a litigation now pending in Texas. It seems to us that, assuming the truth of the assertions of plaintiffs, they suggest, and indeed furnish, "some other manner" of saving plaintiffs from present cash payments of considerable sums of money; and we are convinced that it was the intent of the Supreme Court to be rather astute in devising assistance for them.

Anything that prolongs this litigation is undesirable, but litigation here is no worse than litigation in Texas; indeed, one more step in this case may prevent new suits. We shall therefore change nothing in the opinion heretofore handed down, nor in the mandate appropriate thereupon, but shall and do hereby direct that there be added to the decree on mandate a provision retaining jurisdiction for the following purposes:

(1) Plaintiffs shall be permitted, within 20 days of entry of such decree, to file a petition setting forth its allegations regarding the possession of or control by defendant of moneys or values reasonably and lawfully applicable to payment of dividends by *Railroad* Company, and shall pray for the ascertainment of such amounts thereof as should reasonably and lawfully have been distributed as dividends, to the end that so much of such dividends as would have flowed to the shares to which plaintiffs are now entitled under decree entered and in the manner decreed, shall be applied (as far as necessary) to paying defendant the "additional compensation" above referred to and defined.

(2) Defendant shall answer said petition within 20 days of receipt of a copy thereof by its attorneys.

(3) The matter shall then be referred to the special master (Decker), to ascertain and report the facts, and he shall express to the court his opinion whether the scheme of payment or allowances in lieu of payment prayed for in plaintiffs' petition (a) can practically be carried out; and/or (b) should be enforced, in the light of the facts as found by him.

(4) Such report shall be open to review in the District Court in the usual manner.

(5) The costs of the proceeding above outlined shall be separately chargeable to and upon the losing party.

(6) The District Court shall by separate order at the foot of final decree give proper directions in the premises, on the coming in of the master's report.